UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:05 CR 25 JM |
| ) | |
| JEROME GARDNER ) | |

RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

      Comes now the United States of America, by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, through Assistant U.S. Attorney David J. Nozick, and files a Response To Defendant's Sentencing Memorandum.

FACTS

      In the instant case, Mr. Jerome Gardner has been convicted of possession with intent to distribute over fifty grams of a quantity of a substance containing a cocaine base.  Mr. Gardner has also been convicted on August 5, 1998 and September 17, 2001 for possession of a controlled substance.  In light of these two prior drug convictions, the government had filed, prior to trial, written notice to seek enhanced penalties at sentencing pursuant to 21 U.S.C. § 851(a).  Since Mr. Gardner has been convicted of possession with intent to distribute over fifty grams of a substance containing a cocaine base after two prior convictions for felony drug offenses, the government asserts that the defendant must receive a mandatory term of life imprisonment without release as specified in 21 U.S.C. § 841.

ARGUMENT

     A.  21 U.S.C. § 851 is consistent with the Fifth and Sixth Amendments.

     21 U.S.C. § 851 is consistent with the principles of the Fifth and Sixth Amendments since prior convictions do not have to be proven beyond a reasonable doubt to a jury and do not have to be alleged in the indictment.  Specifically, the defendant alleges that 21 U.S.C. § 851 violates his right to a jury under the Sixth Amendment and his right to indictment by grand jury under the Fifth Amendment.  The allegation that the statute violates the right to a jury is erroneous since the United States Supreme Court has stated that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  This general rule and accompanying prior conviction exception has been reaffirmed recently by the U.S. Supreme Court in U.S. v. Booker.  543 U.S. 220, 244 (2005).  Therefore, 21 U.S.C. § 851 does not violate the defendant's rights under the Sixth Amendment since current U.S. Supreme Court precedents clearly indicate that prior convictions do not have to be submitted to a jury and proven beyond a reasonable doubt.  See Booker, 543 U.S. at 244; Apprendi, 530 U.S. at 490.

     This case is remarkably similar to U.S. v. Thomas in which a jury convicted the defendant of possessing with intent to distribute more than fifty grams of a substance containing cocaine base.  398 F.3d 1058, 1060 (8th Cir. 2005).  The defendant received a mandatory life sentence because he had two prior convictions for distributing crack cocaine.  Id.  The defendant contended that this mandatory minimum life sentence violated the Sixth Amendment.  Id.  In Thomas, the court stated that the Supreme Court has consistently held that a prior felony

2

conviction does not have to be pled in the indictment or be submitted to a jury since it is a sentencing factor rather than a separate offense.  Id. at 1063.  Moreover, the court went on to explain that this rule was maintained in Apprendi when the court articulated the prior conviction exception for the issues that must be tried by a jury or admitted by a defendant.  Id. at 1063-64.  Based upon these precedents, the court concluded that the mandatory life sentence imposed on the defendant was consistent with the Sixth Amendment.  Id. at 1064.

The instant case is similar to Thomas because both cases involve a defendant who was convicted for possessing with intent to distribute over fifty grams of a substance containing a cocaine base and who challenged an imposition of a mandatory life sentence by raising the Sixth Amendment.  See id. at 1060.  Under the aforementioned precedents, the government does not have to submit the prior convictions to a jury since a prior conviction is specifically excluded from the requirement of submitting facts to a jury that would increase penalties beyond their statutory maximum.  Id. at 1063-64.  This prior convictions exception applies with equal force in the instant case as it did in Thomas and, thus, directly negates any alleged violation of the Sixth Amendment.  See id.

The defendant seeks to cast a cloud of doubt upon the continued validity and vitality of the prior conviction exception.  In particular, the defendant focuses on U.S. v. Shepard to attack the prior conviction exception.  Rather than casting doubt upon the prior convictions exception, the court in Shepard simply draws the distinction that the disputed fact (regarding prior convictions) that is relied upon for seeking enhanced penalties is not close enough to the conclusive significance of a prior judicial record to authorize a judge to resolve the dispute.  544 U.S. 13, 25 (2005).  The court's reticence to apply the prior conviction exception in this case is

3

not a repudiation of the principle, but simply an instance where the principle is not applicable to the narrow facts before the court.  See id.  The U.S. Supreme Court precedents articulating the prior conviction exception have not been overruled, and the government respectfully urges the Court not to make new law on this issue.

The defendant's contention that 21 U.S.C. § 851 violates his right to indictment by grand jury under the Fifth Amendment is in direct conflict with the governing U.S. Supreme Court precedent of Almendarez-Torres v. U.S.  See 523 U.S. 224, 243 (1998).  The court in Almendarez-Torres asserted that recidivism is one of the most traditional bases for a sentencing court to increase an offender's sentence.  Id. at 243.  Based upon this principle, the U.S. Supreme Court held that prior narcotics convictions are a sentencing factor rather than an element of the crime.  Id. at 226-27.  Since prior narcotics convictions are a sentencing factor, they do not have to be alleged in the indictment.  Id.  The defendant's Fifth Amendment challenge is premised upon the contention that the two prior convictions were not alleged in the indictment.  This Fifth Amendment challenge directly contravenes the principle in Almendarez-Torres that it is constitutional to not allege prior convictions in the indictment.  See id.  Since it is constitutional to omit prior convictions from the indictment, 21 U.S.C. § 851 is consistent with the principles of the Fifth Amendment.  See id.

> B.  Mandatory minimum sentences based upon facts not proven to a jury or admitted by the defendant are constitutional.

In the instant case, the application of a mandatory minimum sentence is constitutional because the U.S. Constitution does not require the government to submit the facts concerning the prior convictions to a jury or have these facts admitted by the defendant to impose a mandatory

4

minimum sentence. The rule from Apprendi specifically indicates that prior convictions do not have be submitted to a jury or be proven beyond a reasonable doubt. 530 U.S. at 490. Building upon attacks against the prior convictions exception in the Apprendi rule, the defendant contends that the Apprendi rule should apply equally to facts that increase the mandatory minimum as well as to facts that extend the sentence beyond the statutory maximum. The U.S. Supreme Court has rejected this assertion in U.S. v. Harris in saying that the Fifth and Sixth Amendments ensure that the defendant will never receive more punishment that he bargained for when he committed the crime but do not guarantee that he will get anything less than that. 536 U.S. 545, 566 (2002)

In general, the defendant attacks Harris since it upholds the application of the mandatory minimum sentence even though the fact increasing the minimum was not submitted to a jury and proven beyond a reasonable doubt. Id. at 552, 556, 568-69. The focus of this attack concentrates on Justice Breyer's concurring opinion in which he articulates his inability to reconcile Harris with Apprendi. Id. at 569. According to the defendant's argument, Justice Breyer's inability to reconcile Harris with Apprendi casts doubt upon the continued validity of Harris since Justice Breyer was one of the five justices that composed the majority. Despite Justice Breyer's discomfort, he explicitly rejects the defendant's argument that Apprendi should be extended to mandatory minimums. See id. at 569-70. He states that applying Apprendi to mandatory minimums would have negative practical and legal consequences, and, thus, joins the court's opinion to the extent that it holds that Apprendi does not apply to mandatory minimums. Id. Consequently, the justice upon which the defendant relies to cast doubt on Harris explicitly rejects his principal contention for the unconstitutionality of a mandatory minimum sentence (the extension of the Apprendi rule to mandatory minimums). See id. Thus, mandatory minimum

5

sentences predicated on facts not proven to a jury or admitted by the defendant are constitutional in light of the Apprendi rule and the holdings of Harris.  See id.; Apprendi, 530 U.S. at 490.

>    C.  The disparity in penalties between crack and power cocaine under 21 U.S.C. § 841 does not violate the equal protection clause of the Fifth Amendment.

The disparity in penalties between crack and power cocaine under 21 U.S.C. § 841 is consistent with the equal protection clause of the Fifth Amendment.  Under this statute, the penalty for possession and distribution of crack cocaine is the same as the penalty for possession and distribution of a quantity of powder cocaine one hundred times greater.  21 U.S.C. § 841(b)(1)(A)(ii) (1994); 21 U.S.C. § 841(b)(1)(A)(iii) (1994).  The defendant alleges that this disparity in quantities required for crack cocaine and powder cocaine is racially discriminatory thereby violating the equal protection clause of the Fifth Amendment.  The U.S. Court of Appeals for the Seventh Circuit has rejected this exact argument and concluded that this disparity is rationally related to Congress's purpose of fighting the adverse effects of crack cocaine on society.  U.S. v. Westerbrook, 125 F.3d 996, 1010 (7th Cir. 1997); U.S. v. Lawrence, 951 F.2d 751, 755 (7th Cir. 1991).

This case is similar to U.S. v. Lawrence in which the defendant was convicted of possession with the intent to distribute over fifty grams of a substance containing a cocaine base.  125 F.3d at 753-54.  The defendant challenged the disparity in penalties for crack and powder cocaine on the basis of the due process and equal protection clauses of the Fifth Amendment.  Id. at 753.  Ultimately, the court decided to join many other circuits in holding that the different penalties for crack and powder cocaine reflect a rational purpose and do not violate the due process clause.  Id. at 755.  The court determined that the "highly addictive nature of crack, its

growing availability, and relatively low cost all serve to increase the risks associated with its use." Id.  Based upon these findings, the court found that Congress had a rational purpose in enacting similar penalties for different quantities of crack and powder cocaine.  Id.  The court concluded that this rational purpose made the differing penalties under 21 U.S.C. § 841 constitutional.  Id.  Consequently, the court implicitly determined that 21 U.S.C. § 841 does not violate the equal protection clause of the Fifth Amendment.  See id.  The instant case is similar to Lawrence because both defendants were convicted of possession with the intent to distribute over fifty grams of crack cocaine and both challenged their convictions under 21 U.S.C. § 841 by raising equal protection claims under the Fifth Amendment.  See id.  Since the U.S. Court of Appeals for the Seventh Circuit explicitly rejected this equal protection argument, this Court should reject the defendant's equal protection challenge to 21 U.S.C. § 841.  See id.

     After Lawrence, the U.S. Court of Appeals for the Seventh Circuit explained in U.S. v. Westbrook that the court had consistently held that the disparity between crack and powder cocaine is constitutional and declined to overrule existing precedent.  951 F.2d at 1010.  Just this month, the U.S. Court of Appeals for the Seventh Circuit in Miller v. U.S. reiterated that the difference in penalties for crack and powder cocaine is constitutional and reminded the courts that the judiciary is not free to replace Congress's approach with one that it deems superior. 2006 U.S. App. LEXIS 13942, 11 (7th Cir. 2006).   Therefore, to conclude that 21 U.S.C. § 841 violates the equal protection clause of the Fifth Amendment would be breaking from a history of precedents over the last decade that have been consistently upheld by the Seventh Circuit.  See id.  Furthermore, the defendant has provided no case in support of the proposition that 21 U.S.C. § 841 is unconstitutional.  In sum, the difference in penalties for crack and powder cocaine under

21 U.S.C. § 841 is constitutional based upon the Congress's rational purpose in enacting this disparity to combat the devastating consequences of crack cocaine on society.

>    D.  Imposing a mandatory life sentence pursuant to 21 U.S.C. § 851 does not violate the prohibition on cruel and unusual punishment in the Eighth Amendment.

Pursuing a mandatory life sentence under 21 U.S.C. § 851 does not violate the prohibition on cruel and unusual punishment in the Eighth Amendment.  In Harmelin v. Michigan, the U.S. Supreme Court rejected a claim similar to defendant Gardner's that a mandatory life sentence without parole constituted cruel and unusual punishment for a defendant convicted of possessing with intent to distribute cocaine..  501 U.S. 957, 996 (1991).  In Harmelin, Justice Scalia and Chief Justice Rehnquist stated that there is no proportionality guarantee in the Eighth Amendment.  Id. at 965.  Alternatively, Justice Kennedy, Justice O'Connor, and Justice Souter who combined with the previous two justices to form a majority upholding the defendant's mandatory life sentence concluded that the Eighth Amendment embodies a proportionality principle that applies in both capital and noncapital cases.  Id. at 996-97.  Even in light of this proportionality principle, these justices declined to strike down a mandatory life sentence without parole for recidivism based on three felonies.  Id. at 997.  These justices indicated that the Eighth Amendment does not insist on strict proportionality between the crime and sentence.  Id. at 1002.  However, the justices stated that the Eighth Amendment does prohibit sentences that are grossly disproportionate to the crime.  Id.  Therefore, these three justices implicitly determined that a mandatory life sentence without parole for recidivism based on three felonies was not grossly disproportionate to the crime.  See id. at 961, 1002.

The defendants also rely on U.S. v. Walls by urging the Court to extrapolate from the

district court's conclusion in that case that the application of 21 U.S.C. § 841(b) to the defendants who cooked the powder cocaine to make crack cocaine constituted cruel and unusual punishment.  70 F.3d 1323, 1330 (1995).  However, Walls actually supports the proposition that the application of 21 U.S.C. § 841(b) to these defendants was consistent with the Eighth Amendment.  Id. at 1331.  The U.S. Court of Appeals for the District of Columbia overturned the district court's determination that the application 21 U.S.C. § 841(b) to these defendants represented cruel and unusual punishment.  Id.  Thus, the defendant is asking this Court to adopt reasoning that was explicitly rejected by the appellate court.  The government respectfully requests that the Court not to make new law on this issue and respect the precedents and wisdom of the Seventh Circuit and other jurisdictions.

In addition, Walls provides support for imposing a mandatory life sentence upon the defendant in the instant case since the court stated that "the Eighth Amendment does not prohibit legislatures from combating recidivism by imposing long sentences on criminals with a prior record."  Id. at 1328.  In light of this assertion and the court's rejection of the cruel and unusual punishment argument, the Court should reject the defendant's assertion that the imposition of a life sentence would constitute cruel and unusual punishment.

In sum, the government urges the Court to determine that the imposition of a mandatory life sentence is consistent with the Eighth Amendment in light of the precedents of Harmelin and Walls.

CONCLUSION

The government respectfully requests that the Court reject the defendant's arguments and impose a mandatory minimum life sentence as dictated by 21 U.S.C. § 841.

        Respectfully submitted,

        JOSEPH S. VAN BOKKELEN
        United States Attorney


By   /s/ David J. Nozick
      DAVID J. NOZICK
      Assistant United States Attorney
      5400 Federal Plaza, Suite 1500
      Hammond, Indiana 46320
      (219) 937-5500

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:05 CR 25 JM |
| | ) | |
| JEROME GARDNER | ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the government's RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of said filing to the following individual:

JEROME FLYNN
(Attorney for defendant Gardner)


By:   /s/ Janet L. Eisenmann
      Janet L. Eisenmann
      U.S. Attorney's Office
      5400 Federal Plaza, Suite 1500
      Hammond, Indiana 46320
      (219) 937-5500